IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> DESCO INDUSTRIES, INC., ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | CIVIL ACTION NO. <br> 1:16-cv-00858 <br> <br> <br> **COMPLAINT** <br> <br> JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Daniel Worthy, who was affected by such practices. As alleged with greater particularity below, Defendant discriminated against Daniel Worthy ("Worthy") in violation of Title VII when it discharged him in retaliation for complaining about race discrimination.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within

1

the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant, Desco Industries, Inc. ("Defendant"), has continuously been a California corporation doing business in the State of North Carolina and the City of Sanford, North Carolina, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Worthy filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On March 8, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On April 22, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from

Defendant a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. On or about March 13, 2015, Defendant engaged in unlawful employment practices at its Sanford, North Carolina facility in violation of Section 704 of Title VII, 42 U.S.C. §2000(e)-3(a), when it discharged Worthy in retaliation for engaging in protected activity, as more fully set forth below.

11. Worthy was directly employed by a third-party staffing agency (the "staffing agency"). Through the staffing agency, Worthy worked for and at Defendant's Sanford, NC facility from approximately January 27, 2015 to approximately March 13, 2015.

12. At all times during Worthy's employment at Defendant's facility, Defendant had daily control of Worthy's assignments and performance of duties. At all relevant times, Defendant had the power and authority to terminate Worthy's employment at Defendant's facility.

13. On or before February 23, 2015, Worthy discussed his interest in obtaining a forklift position with his supervisor, Respondent's Warehouse Foreman. Based on their discussion, Worthy expected he was in line for the next open forklift position.

14. On or about February 23, 2015, Worthy, who is black, observed a non-black employee operating a forklift. Worthy believed Defendant had passed him over for the position because of his race.

3

15. On or about March 2, 2015, Worthy complained to the staffing agency's recruiter that he believed he did not get the forklift position because of his race. The staffing agency's recruiter notified Defendant's Warehouse Supervisor that Worthy had complained of race discrimination.

16. On or about March 2, 2015, Defendant's Warehouse Supervisor notified certain members of Defendant's management that Worthy had complained of race discrimination in connection with the denial of the forklift operator position to Worthy in favor of a non-black forklift operator.

17. On or about March 2, 2015, Defendant's Chief Executive Officer (the "CEO") learned about Worthy's race discrimination complaint.

18. On or about March 2, 2015, the CEO decided that Worthy should not be allowed to continue working at Defendant's facility.

19. On or about March 2, 2015, the CEO directed Defendant's Plant Manager to terminate Worthy's employment at Defendant's facility through the staffing agency.

20. Worthy's employment at Defendant's facility was terminated on or about March 13, 2015.

21. Worthy was discharged from working at Defendant's facility because he opposed an employment practice he reasonably believed was prohibited by Title VII.

22. The effect of the practices complained of above has been to deprive Worthy of equal employment opportunities and otherwise adversely affect his status as an employee because he opposed a practice made unlawful by Title VII.

23. The unlawful employment practices complained of above were intentional.

24. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Worthy.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from retaliating against employees because they have opposed unlawful employment practices or otherwise engaged in protected activity under Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who oppose, or have opposed unlawful employment practices or otherwise engage in protected activity under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Worthy whole, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make Worthy whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial.

E. Order Defendant to make Worthy whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of

above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Worthy punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 30th day of June, 2016.

Respectfully Submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Charlotte District Office

/s/ Ylda Marisol Kopka
YLDA MARISOL KOPKA
Supervisory Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.954.6470
Facsimile: 704.954.6412
ylda.kopka@eeoc.gov

/s/ James W. Allen
JAMES W. ALLEN
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Savannah Local Office
7391 Hodgson Memorial Drive
Savannah, Georgia 31406
Telephone: 912-920-4486
Facsimile: 912-920-4484
Email: james.allen@eeoc.gov