IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| DESCO INDUSTRIES, INC., | ) ) ) |
| Defendant. | |

CIVIL ACTION NO.
1:16-cv-00858

CONSENT DECREE

THIS MATTER is before the Court on the parties' Joint Motion to Enter Consent Decree and For Dismissal of this Action. For the reasons stated in the joint motion, as well as those stated herein, it is GRANTED.

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant Desco Industries, Inc. ("Defendant") retaliated against Daniel Worthy because of his complaint of race discrimination. Defendant denies the allegations made by the Commission and further denies any wrongdoing or liability. The Commission does not disavow the allegations put forth in the Complaint.

1

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 14 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

2. Defendant shall pay Daniel Worthy the sum of Forty-Five Thousand Dollars ($45,000) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Daniel Worthy, which shall be reported in an IRS form 1099 Miscellaneous Income Statement. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Worthy at an address provided by the Commission. The Commission will provide the address to Defendant within 5 business days of the entry of the consent decree. Within ten (10) days

2

after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Worthy. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Worthy may or may not incur on such payments under local, state and/or federal law.

3. Defendant has in place an equal opportunity and anti-discrimination/ harassment policy that is set forth in its Employee Handbook. Within ninety (90) days of the entry of this Consent Decree by the Court, Defendant shall revise its Anti-Discrimination/ Harassment policy to include a statement that explains the prohibition against retaliation under Title VII. Defendant certifies that it makes its Employee Handbook available to employees. During the term of this Consent Decree, Defendant shall continue its practice of making these policies available to current employees. Defendant shall also, within the same 90 days, provide an email blast to employees informing them that the policy is available online and will announce the availability of the policy in a team meeting at its Sanford, North Carolina facility. Within 100 days of the entry of the Consent Decree, Defendant shall notify the Commission that it has met all requirements of this paragraph.

4. During the term of this Consent Decree, Defendant shall post a copy of the policy described in Paragraph 3, *supra*, in all of its facilities in North Carolina in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within ninety (90) days after the

Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

5. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers and supervisors in North Carolina. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and its prohibition against retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 3 above, and an explanation of the rights and responsibilities of managers and supervisors under the policy.

The first training program shall be completed within one hundred (100) days after entry of this Consent Decree by the Court. A subsequent training program shall be conducted approximately a year later. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

6. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall

4

conspicuously post the attached Employee Notice, marked <u>Exhibit A</u>, hereby made a part of this Consent Decree, in a place where it is visible to employees at its North Carolina facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

7. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree, covering the facility in Sanford, North Carolina. The reports will include the following information:

   A. the identities of all individuals known to Defendant who have opposed any practice made unlawful under Title VII of the Civil Rights Act of 1964, or who have filed a charge, given testimony or assistance, or participated in any investigation, proceeding or hearing under the foregoing statute, including by way of identification each person's name, address, telephone number, and position;

   B. describe all actions taken in response to the complaint(s) identified in response to 7.A. above and identify each person involved in investigating the complaint(s) and taking action on the complaint(s);

   C. for each individual identified in 7.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time); and

   D. for each individual whose employment status has changed as identified in 7.B. above, a detailed statement explaining why the individual's employment status has changed.

5

Defendant shall provide the social security number of any individual identified in response to 7.A. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

8. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's North Carolina facilities for the purpose of interviewing employees and examining or copying documents (excluding examination of required postings) with 72 hours prior notice by email notification to Desco, email Payroll@Desco.com. The Commission may inspect Defendant's North Carolina facilities to confirm Defendant's compliance with the posting requirements set forth in Paragraphs 4 and 6 without advance notice, provided that the Commission notifies Tommie Lee, Tommie.Lee@staticcontrol.com, upon the Commission's arrival at the facility.

9. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

10. The term of this Consent Decree shall be for two years from its entry by the Court.

11. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to Desco at Payroll@Desco.com. If at any time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide contact information for a new designated point of contact within ten (10) days of the change.

12. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

13. Each party shall bear its own costs and attorney's fees.

14. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

April 18, 2017
Date

_____
Judge, U.S. District Court
Middle District of North Carolina]

7

The parties jointly request that the Court approve and enter the Consent Decree:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*s/ Lynette A. Barnes*
Lynette A. Barnes
Regional Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202

Ylda Marisol Kopka
Supervisory Trial Attorney
129 West Trade Street, Suite 400
Charlotte, N.C. 28202

*s/ James W. Allen*
James W. Allen
Senior Trial Attorney
7391 Hodgson Memorial Drive, Suite 200
Savannah, Georgia 31406

DESCO INDUSTRIES, INC, Defendant

By: *[signature]*
Title: Attorney for Desco

8

Martineau King, PLLC

_____
Elizabeth Martineau

9